THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC.,<br><br>Defendant. | Case No. 2:26-cv-02162-LK<br><br>**MOTION TO STAY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 9, 2026** |

## I. INTRODUCTION

Counsel for The Philadelphia Inquirer, LLC ("The Philadelphia Inquirer") certifies that they conferred on August 17, 2026, via Microsoft Teams with counsel for Plaintiff Matthew Wildman ("Plaintiff") regarding the subjects addressed in this Motion, but the parties were unable to resolve this dispute.

The Philadelphia Inquirer respectfully requests that the Court stay discovery in this case pending resolution of The Philadelphia Inquirer's Motion to Dismiss (Dkt. 13). As explained in the Motion to Dismiss, Plaintiff seeks to haul a regional newspaper—one headquartered thousands of miles away in Philadelphia, Pennsylvania—into court in Washington over promotional emails sent to an email distribution list about subscriptions to Philadelphia news coverage. The Philadelphia Inquirer has moved to dismiss the entirety of Plaintiff's Complaint as a matter of law



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
FAX:206.223.7107

based on a failure to plead a claim upon which relief can be granted, and based on the lack of personal jurisdiction over The Philadelphia Inquirer. Good cause therefore exists to grant this Motion to Stay. The Motion to Stay is supported by the arguments and authorities below, as well as the Declaration of Ryan O'Hollaren submitted herewith ("O'Hollaren Decl.").

## II. BACKGROUND

Plaintiff filed the instant action on May 21, 2026, in King County Superior Court. *See* Compl. (Dkt. 1-2). The Philadelphia Inquirer timely removed the action to this Court on June 22, 2026. Notice of Removal (Dkt. 1). On June 24, 2026, the Court entered an order regarding initial case deadlines. Scheduling Order (Dkt. 11). The Court set deadlines for the Rule 26(f) conference, initial disclosures, and the Joint Status Report for July 22, 2026, August 5, 2026, and August 19, 2026, respectively. *Id.* Absent an order from the Court stating otherwise, discovery may begin after the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1).

The Philadelphia Inquirer filed its Motion to Dismiss on June 29, 2026. Mot. Dismiss (Dkt. 13). In the Motion to Dismiss, The Philadelphia Inquirer contends that Plaintiff's Complaint must be fully dismissed as a matter of law for three reasons. If granted for any of these reasons, the motion to dismiss would dispose of this case in its entirety.

First, the Court does not have personal jurisdiction over The Philadelphia Inquirer. Specifically, The Philadelphia Inquirer did not purposefully direct any contacts to Washington state. *Id.* at 5–6. Nationwide email marketing campaigns alone are not sufficient to establish specific personal jurisdiction in any state where these emails may have been received. *Id.* at 6 (citing *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 846 (10th Cir. 2020) and *Jagen Invs. LLC v. Cannon Fin. Inst., Inc.*, 2016 WL 11485896, at *6 (D. Nev. June 27, 2016)). Indeed, such a rule would mean that all fifty states could potentially have specific personal jurisdiction over any defendant who engages in untargeted nationwide email marketing campaigns. Such a broad basis for personal jurisdiction offends due process, and, as such, has been rejected by courts.

In this case, Plaintiff alleges the emails at issue were part of generic nationwide email marketing campaigns; they were not sent specifically to Washington residents. Compl. ¶ 83.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

Further, the subject lines of the emails were not specifically targeted at Washington in any way; they promoted subscriptions to a regional newspaper covering Philadelphia news and events, content that was not specifically targeted at Washington in any way. The fact that these nationwide marketing emails were allegedly received by a Washington resident is the *only* connection between The Philadelphia Inquirer and Washington. Such a tenuous contact does not support the exercise of personal jurisdiction over The Philadelphia Inquirer in this case.

Second, The Philadelphia Inquirer argues that Plaintiff's claim under Washington's Consumer Electronic Mail Act, RCW 19.190.020(1)(b) ("CEMA"), is expressly preempted by the CAN-SPAM Act, 15 U.S.C. § 7707(b)(1). As explained in the Motion to Dismiss, the Ninth Circuit has explained that CEMA claims, like Plaintiff's here, are preempted by CAN-SPAM's express preemption provision unless they fall into a residual category of state law fraud claims. Mot. Dismiss at 8–9. The Motion to Dismiss explains that for Plaintiff to avoid CAN-SPAM preemption, he would need to plead a claim in fraud, and the Complaint fails to do so. *Id.* at 9–17.

Third, The Philadelphia Inquirer argues that Plaintiff's Complaint fails to state claims under CEMA. *Id.* at 17. Plaintiff does not allege that The Philadelphia Inquirer's email subject lines were material to him. This alone is fatal. Further, CEMA only applies when a sender of a commercial email "knows, or has reason to know" that the email address "is held by a Washington resident." RCW 19.190.020(1). Plaintiff does not allege that The Philadelphia Inquirer knew or had reason to know that it was emailing a Washington resident; the Complaint only alleges hypothetical ways that businesses *may* be able to figure out where the owner of an email address lives. Such allegations are not sufficient to allege knowledge under CEMA, especially because the emails were not purposefully directed at Washington state in any way.

On July 21, 2026, the Parties held a Rule 26(f) conference, where The Philadelphia Inquirer noted that discovery was unnecessary and wasteful at this stage in the case, particularly given the strength of The Philadelphia Inquirer's Rule 12(b)(2) arguments. O'Hollaren Decl. ¶ 2. On July 22, 2026, Plaintiff propounded a broad and expansive set of Interrogatories, Requests for Production, Requests for Admission, and a deposition notice for a Rule 30(b)(6) corporate



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

representative. *Id.* ¶ 3. Responses to these discovery requests are not necessary to resolve The Philadelphia Inquirer's Motion to Dismiss. Although Plaintiff has offered to limit discovery for the time being, his proposed preliminary scope of discovery *also* has no bearing on The Philadelphia Inquirer's Motion to Dismiss. Accordingly, discovery should not move forward before the Court decides the threshold matter of whether this case can proceed.

## III. ANALYSIS

### A. Legal Standard

This Court has wide discretion to stay discovery while a dispositive motion to dismiss is pending. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987). A court may relieve a party of the burdens of discovery while a motion is pending pursuant to its inherent authority over discovery matters and also pursuant to the Federal Rules of Civil Procedure. *Id.*; Fed. R. Civ. P. 26(c) (the court may deny or limit discovery upon a showing of good cause). Stays are appropriate where it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 1 (Federal Rules should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

"Courts typically consider two factors in evaluating whether good cause exists to issue a stay: 'First, the pending motion must be potentially dispositive of the entire case, or at least on the issue to which discovery is directed. Second, the court must determine if the pending dispositive motion can be decided without additional discovery.'" *T.S. v. Body Contour Centers, LLC*, No. 2:24-CV-01944-LK, 2025 WL 1194023, at *2 (W.D. Wash. Apr. 24, 2025) (quoting *Ahern Rentals Inc. v. Mendenhall*, No. C20-0542-JCC, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020)) (King, J.); *see also In re Amazon Prime Video Lit.*, No. 24-cv-0186-BJR, 2025 WL 254546, at *1 (W.D. Wash. Jan. 21, 2025); *Wysocki v. ZoomInfo Tech. Inc.*, No. 22-cv-5453-DGE, 2023 WL 3160681, at *1 (W.D. Wash. Apr. 28, 2023); *Zeiger v. Hotel Cal. by the Sea LLC*, No. 21-cv-1702-TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022).



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

Here, both factors weigh in favor of a stay because the Motion to Dismiss is potentially dispositive of the entire case and it can be decided without discovery.

**B. The Philadelphia Inquirer's Motion to Dismiss Seeks Dismissal of the Entire Action.**

In determining whether a pending motion to dismiss may be dispositive of the entire case, courts may take a "preliminary peek" at the motion to dismiss. *T.S.*, 2025 WL 1194023, at *2. In taking this preliminary peek, courts do not "prejudge the outcome of the motion." *Id.* (quoting *Zeiger*, 2022 WL 1499670, at *2). Instead, courts consider whether "the motion *may* be completely dispositive" if granted and whether it is frivolous. *Subspace Omega, LLC v. Amazon Web Serv., Inc.*, No. 23-cv-1772-TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (emphasis added) (granting stay of discovery pending outcome of motion to dismiss, noting that "the motion is not frivolous and could dispose of the entire case, as Defendant seeks dismissal of all of Plaintiff's claims"); *Gossage v. Off. of Pers. Mgmt.*, No. 24-cv-5765-TMC, 2025 WL 437752, at *2 (W.D. Wash. Feb. 7, 2025) (quoting *Subspace Omega* and staying discovery); *see also Moss v. Cleo AI, Inc.*, No. 25-cv-0879-MLP (W.D. Wash. July 20, 2025), Dkt. No. 44 (granting motion to stay and finding defendant's motion to dismiss to be "not frivolous").

Courts in the Ninth Circuit regularly stay discovery deadlines pending ruling on a dispositive motion that stands to resolve the entire case. "It is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Courts have exercised their discretion in this regard to sequence the proceedings such that the legal sufficiency of a complaint for relief is established before the factual investigation begins. *See, e.g.*, *In re Amazon Prime Video Lit.*, 2025 WL 254546, at *1; *United Fin. Cas. Co. v. Aman Expedite, LLC*, No. 23-cv-0587-BJR, 2024 WL 4625440, at *2 (W.D. Wash. Oct. 30, 2024); *Taylor v. Amazon.com, Inc.*, No. 24-cv-0169-MJP, 2024 WL 3346220, at *1 (W.D. Wash. July 9, 2024); *In re Amazon Serv. Fee Lit.*, No. 22-cv-0743-TL, 2022 WL 22877300, at *1 (W.D. Wash. Dec. 23, 2022); *Nissen v. Lindquist*, No. 16-cv-5093-BHS, 2016 WL 2866303, at *1



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

(W.D. Wash. May 17, 2016) (all quoting *Rutman Wine* and staying discovery pending resolution of dispositive motion).

Here, as in the cases cited above, The Philadelphia Inquirer moved to dismiss the *entirety* of the Complaint as a matter of law on three different bases. For purposes of this Motion to Stay, The Philadelphia Inquirer need not establish here that the Motion to Dismiss *will* be granted. Rather, it is enough to show that the pending motion is not frivolous and *may* be dispositive of the entire dispute. The Philadelphia Inquirer's Motion to Dismiss is far from frivolous and, if granted on any basis, it would prove dispositive of the entire dispute.

**C. No Discovery is Necessary for the Court to Rule Upon The Philadelphia Inquirer's Motion to Dismiss.**

The Philadelphia Inquirer's Motion to Dismiss challenges Plaintiff's theory of liability as a matter of law. No discovery is necessary for the Court to assess the legal propriety of Plaintiff's claims. Discovery is not necessary to determine whether Plaintiff's CEMA claim is preempted by federal law or pled with the requisite particularity. Further, no discovery is needed to determine whether the Court has personal jurisdiction because The Philadelphia Inquirer's personal jurisdiction challenge was based on the allegations in Plaintiff's Complaint, and not an evidentiary hearing. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).

Further, Plaintiff's propounded discovery is extremely broad, and focuses primarily on issues relating to class certification. Despite Plaintiff's request for limited jurisdictional discovery in his Response to the Motion to Dismiss, the discovery requests seek broad and burdensome class wide discovery that is completely unnecessary for the Court to rule on the Motion to Dismiss. These broad requests put the proverbial cart well before the horse. For example:

- Plaintiff demands "[d]ocuments sufficient to identify all email addresses to which Defendant sent marketing emails during the Class Period, including associated names or unique identifiers" (Request for Production No. 7). O'Hollaren Decl., Ex. A. Identifying all recipients of nationwide marketing emails, and their associated personal information, is a massive undertaking that would require The Philadelphia Inquirer to compile and produce



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

data for an untold number of individuals across the country, all before this Court has even determined whether it may exercise personal jurisdiction.

- Plaintiff demands that The Philadelphia Inquirer "[a]dmit that marketing email subject headings sent by You or on Your behalf were deceptive" (Request for Admission No. 18); "[a]dmit that marketing emails sent by You or on Your behalf included misleading information in the body of the email message" (Request for Admission No. 19); and "[a]dmit that You had no internal policies or protocols to prevent the dissemination of marketing emails with misleading subject headings" (Request for Admission No. 20). *Id.* Ex. C. These requests seek concessions on the ultimate merits of Plaintiff's claims. They do not seek information that, in any way, would inform the pending dispositive Motion.
- Plaintiff's Rule 30(b)(6) Notice of Deposition demands that The Philadelphia Inquirer designate corporate representatives to testify to thirty-one separate topics spanning virtually every aspect of the newspaper's operations. *Id.* Ex. D. None of these topics bear any relationship to the Motion to Dismiss.

During the Parties' Rule 26(f) conference, Plaintiff offered the following "compromise" set of discovery before propounding the even more burdensome discovery requests discussed above. Plaintiff seeks: (1) the number of Washington residents who received emails from the Philadelphia Inquirer during the class period; and (2) a sampling of the subject lines and emails sent to putative class members in a one week period for each of the four years in the class period. O'Hollaren Decl. ¶ 2. The offer was not, and is not, acceptable to The Philadelphia Inquirer, as these inquiries suffer the same defects noted herein regarding Plaintiff's propounded discovery. Namely, they're overbroad, premature, and impertinent to the threshold issues before the Court. All discoverable information responsive to those inquiries (and those above) will be available for The Philadelphia Inquirer to search, review, and produce should the Motion to Dismiss be denied. But proceeding with such efforts at this stage is an unnecessary use of resources and unduly burdensome.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

The Philadelphia Inquirer's Motion to Dismiss is neither aided nor undermined by information responsive to the written discovery requests, or the topics designated in the Rule 30(b)(6) Deposition Notice. Because the Motion to Dismiss does not raise any issues of fact, and only issues of law, there is no question that the Court can rule upon it without any discovery whatsoever. *Jarvis*, 833 F.2d at 155 ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").[1] Plaintiff's discovery ambitions are premature and potentially entirely unnecessary. Plaintiff's discovery can wait as there is no plausible justification for expansive, burdensome, and costly discovery directed toward later stages of the case when the very propriety of this lawsuit has been questioned by Defendant, and its Motion to Dismiss is pending.

**D. The Equities Favor a Stay.**

In addition to the two-part test articulated above, and consistent with its inherent powers, "[a] court may also consider other factors, including the risk of unfair prejudice to the party opposing the stay and the conservation of the court's resources." *Amazon Prime Video Lit.*, 2025 WL 254546, at *1 (quotations omitted). Here, these equitable considerations favor a stay.

First, a stay of discovery will conserve private and judicial resources. *Silbaugh v. Chao*, No. 17-cv-1759-RSM, 2018 WL 2317555, at *1 (W.D. Wash. May 22, 2018) (staying discovery pending resolution of motion to dismiss, and reasoning: "[d]efendant reasonably contends that discovery may be an unnecessary expense in this case. . . . By moving now, Defendant may save both parties time and money"). The burden of discovery in this case is especially pronounced given that Plaintiff seeks to pursue a putative class action under Rule 23, and seeks discovery regarding the class before the Complaint's claims have been addressed or this Court's jurisdiction has been decided.

[1] The ***only*** factual investigation that could plausibly bear upon the arguments raised by the Motion to Dismiss are those relating to personal jurisdiction.



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

Second, there is no articulable prejudice that would inure to Plaintiff from staying discovery pending resolution of the Motion to Dismiss. Specifically, Plaintiff does not need discovery to respond to The Philadelphia Inquirer's Motion to Dismiss. Should The Philadelphia Inquirer's Motion to Dismiss be denied, discovery will commence and proceed apace, consistent with this Court's scheduling order, and Plaintiff will be free to use the tools of civil discovery at his disposal. But nothing in the record provides even an inference that those tools are necessary at this point to avoid prejudicing Plaintiff.

By contrast, forcing The Philadelphia Inquirer to undergo the expense and burdens of discovery when the entire case may be dismissed as a matter of law is contrary to the purposes of Rule 12(b)(6) and prejudicial to The Philadelphia Inquirer at this juncture. "The purpose of [Fed. R. Civ. P.] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*." *See Nissen*, 2016 WL 2866303, at *1 (emphasis added) (quoting *Rutman Wine Co*., 829 F.2d at 738) (granting motion to stay discovery). As multiple courts have explained, "'[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery.'" *Id.* at *1 (quoting *Rutman Wine Co*., 829 F.2d at 738). So too here.

**E. Jurisdictional Discovery**

To rectify the jurisdictional defects in this lawsuit, Plaintiff asks the Court to permit jurisdictional discovery. Resp. to Mot. Dismiss at 10 (Dkt. 24). As The Philadelphia Inquirer explained in its Reply in support of the Motion to Dismiss, the Complaint's deficiencies speak for themselves and necessitate dismissal on that basis alone. Reply at 4–7 (Dkt. 25). If the Court believes that further factual development is necessary to decide the jurisdictional question, The Philadelphia Inquirer respectfully asks the Court to enter an Order permitting limited written discovery regarding personal jurisdiction only. *Id.* at 9. Such discovery should be limited to: (i) The Philadelphia Inquirer's relationship with the named Plaintiff, Matthew Wildman; (ii) The Philadelphia Inquirer's operations in the state of Washington; and (iii) The Philadelphia Inquirer's Washington-directed marketing and sales activities. These limited inquiries would be sufficiently



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

probative of whether The Philadelphia Inquirer is subject to personal jurisdiction in Washington, and further factual development will assist in putting this case to rest permanently. Anything further, or broader, is unnecessary, premature, and wasteful at this threshold stage.

## IV. CONCLUSION

For the reasons explained above, The Philadelphia Inquirer's Motion to Stay Pending Resolution of Motion to Dismiss should be granted and the case should be stayed until The Philadelphia Inquirer's Motion to Dismiss is decided. Plaintiff should not be permitted to subject a regional Pennsylvania newspaper to the burdens of expansive, class-wide discovery in a distant forum over promotional emails about Philadelphia news, particularly when this Court may lack jurisdiction altogether.

DATED: August 17, 2026

BALLARD SPAHR LLP

By: *s/Ryan O'Hollaren*

Erin M. Wilson, WSBA No. 42454
Emily Williams, WSBA No. 58648
Ryan O'Hollaren, WSBA No. 65513
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Facsimile: 206.223.7107
wilsonem@ballardspahr.com
williamsea@ballardspahr.com
ohollarenr@ballardspahr.com

*Attorneys for Defendant The Philadelphia Inquirer*

I certify the foregoing Memorandum contains 3160 words in compliance with the Local Civil Rules