THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC.,<br><br>Defendant. | Case No. 2:26-cv-02162-LK<br><br>**DECLARATION OF RYAN O'HOLLAREN IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY** |

I, Ryan O'Hollaren, declare as follows:

1. I am an attorney for The Philadelphia Inquirer, LLC. ("The Philadelphia Inquirer") in the above captioned case. I am over the age of 18 and competent to testify to the matters stated herein. I have personal knowledge of the facts set forth in this declaration.

2. On July 21, 2026, counsel for Plaintiff, my colleague Erin Wilson, and I held a Rule 26(f) conference, where I noted that discovery was unnecessary and wasteful before the Court decides The Philadelphia Inquirer's Motion to Dismiss, particularly The Philadelphia Inquirer's Rule 12(b)(2) motion. Counsel for Plaintiff offered the following "compromise" set of discovery productions from Defendant: (1) The number of Washington residents who received emails from The Philadelphia Inquirer during the class period; and (2) a sampling of the subject lines and emails sent to plaintiff in a one week period for each of the four years in the class period. Ms. Wilson and



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
FAX:206.223.7107

I did not accept this offer because this discovery was overbroad and not relevant to the threshold issues before the Court in the Motion to Dismiss.

3. The next day, on July 22, 2026, Plaintiff served on The Philadelphia Inquirer Requests for Production (attached as **Exhibit A**), Interrogatories (attached as **Exhibit B**), Requests for Admission (attached as **Exhibit C**), and a deposition notice for a Rule 30(b)(6) corporate representative (attached as **Exhibit D).**

4. On August 17, 2026, my colleague Emily Williams and I met and conferred with counsel for Plaintiff regarding the Motion to Stay Discovery. Plaintiff's counsel offered the same "compromise" discovery. Ms. Williams and I again declined to accept this offer for the same reasons.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 17th day of August, 2026, at Portland, Oregon.

*s/Ryan O'Hollaren*
Ryan O'Hollaren



BALLARD SPAHR LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808
Telephone: 206.223.7000
Fax: 206.223.7107

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No.: 2:26-cv-02162-LK<br><br>The Honorable Lauren King<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT THE PHILADELPHIA INQUIRER, LLC** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Matthew Wildman, by his undersigned attorneys, submits the following First Set of Requests for Production of Documents to Defendant The Philadelphia Inquirer, LLC ("Defendant"). Please produce each and every item which is either specifically described or reasonably particularized in a category listed below and which is within Defendant's possession, custody, or control.

## DEFINITIONS

1. "All" means "any and all," and the word "any" means "any and all."

2. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written, or unwritten.

3. The "Class Period" begins on the date four (4) years prior to the filing of the



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

Complaint and extends to the date a class certification order is entered in this case.

4. “Communicate” or “communications” means any oral, written, or electronic transmission of information or intelligence of any nature including, but not limited to, meetings, discussions, conversations, and telephone calls, as well as documentation thereof, and telegrams, memoranda, letters, e-mails, telecopies, messages, or notes.

5. “Complaint” refers to the operative complaint in this action.

6. “Defendant,” “You,” and “Your” shall mean the entity to which these Requests are directed, or any predecessor or successor companies in existence during the proposed Class Period, and all employees, agents, or other persons acting on Your behalf.

7. “Document” or “documents” shall mean all documents, electronically stored information, and tangible things including, without limitation, all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate document within the meaning of this term. Documents shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. Documents expressly include all electronic records.

8. “Electronic records” shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic records includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic record exists in an active file, deleted file, or file fragment. Electronic records includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. Electronic records also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

9. “Including” means including but not limited to.

10. “Person” or “persons” includes any natural person, firm, association, organization,



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

11. "Plaintiff" or "Plaintiffs" shall mean the named Plaintiff or Plaintiffs in this lawsuit.

12. "Policy" shall mean any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

13. "Relating to," "related to," or "relates to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter within the meaning of the Federal Rules of Civil Procedure.

14. "Representatives" means Your employees, agents, representatives, or any other person acting on Your behalf.

**INSTRUCTIONS**

1. These discovery requests are continuing and You must provide, by way of supplementary answers and responses, such additional information and documents as You or any other person acting on Your behalf may hereafter obtain which will supplement or otherwise modify any responses hereto.

2. Please produce all of the specified documents and electronic records which are in Your possession, or available to You, or to which You may gain access through reasonable effort, including information in the possession of Your past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by You, or in connection with You, or anyone else otherwise subject to Your control who maintains records on Your behalf, in Your name or otherwise under Your control.

3. Any comments, notations or markings appearing on any documents or electronic



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

records, and not a part of the original, are considered a separate document or electronic record, and any draft, preliminary form or superseded version of any document is also considered a separate document or electronic record.

4. All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business.

5. All documents requested herein should be produced in the file, folder, envelope, or other container in which the documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

6. Any document attached to another document must not be separated.

7. In the event that any document or electronic record called for by these requests has been destroyed, lost, discarded, otherwise disposed of, or is otherwise unavailable, such document or electronic record is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the document or electronic record.

8. Whenever possible, verb tenses shall be interpreted to include past, present, and future tenses.

9. If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any document on the grounds of attorney-client privilege, the attorney work product doctrine, or any other basis, describe the document with sufficient particularity to make it susceptible to identification by separately stating the following with respect to any such document: (1) the type of document; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the document; (5) a general description of the



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

subject matter of the document; (6) the basis of any claim of privilege; and (7) if work product immunity is asserted, the proceeding for which the document was prepared.

10. The use of the singular form of any word includes the plural and vice versa.

11. The masculine includes the feminine and neutral genders.

12. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside their scope.

13. To the extent that You have any objection to producing responsive documents on the basis that the responsive documents are privileged or otherwise protected by the attorney-client privilege or work-product immunity, You are requested to provide a privilege log in accordance with the Federal Rules of Civil Procedure.

14. If You object to providing certain information requested, state Your objection and answer any unobjectionable portion of the request for information and/or supply the unobjectionable information requested.

15. Please produce all documents and information in compliance with Exhibit A and Exhibit B attached hereto.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. Marketing Emails, Subject Lines, and Email Campaigns

1. All marketing, promotional, or advertising emails sent or caused to be sent by Defendant during the Class Period, including all associated subject lines.

2. All drafts, versions, templates, and iterations of marketing emails and subject lines used during the Class Period.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

3. All documents and communications concerning the creation, drafting, testing, review, approval, modification, timing, or dissemination of marketing emails or subject lines.

4. All documents reflecting the criteria, rules, or logic used to generate time-sensitive, urgency-based, or scarcity-based subject lines (e.g., "today only," "final hours," "last day").

**II. Sales, Promotions, and Offer Availability**

5. All documents identifying the start dates, end dates, duration, extensions, and availability of any sale, promotion, discount, or "early access" event referenced in marketing emails during the Class Period.

6. All documents sufficient to show whether and when any sale, promotion, or discount referenced as time-limited was extended, repeated, reset, or continued beyond the stated deadline.

**III. Email Recipients and Geographic Information**

7. Documents sufficient to identify all email addresses to which Defendant sent marketing emails during the Class Period, including associated names or unique identifiers.

8. Documents sufficient to identify all marketing email recipients whom Defendant knew or had reason to know were residents of the State of Washington.

9. All documents sufficient to show how Defendant determines, infers, or tracks the geographic location of email recipients, including through IP address data, purchase data, account information, or third-party data sources.

**IV. Compliance with CEMA and Consumer Protection Laws**

10. All documents and communications concerning the Washington Commercial Electronic Mail Act (RCW 19.190).



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

11. All documents and communications concerning Defendant's compliance or non-compliance with CEMA, including internal assessments, audits, or legal reviews.

12. All policies, procedures, guidelines, training materials, or compliance programs relating to CEMA, deceptive marketing, or consumer protection laws.

**V. Data Sources, Tracking, and Third-Party Services**

13. All documents identifying third-party vendors or platforms used for email marketing, analytics, location tracking, identity resolution, or consumer data enrichment, including, but not limited to, data brokers or identity resolution services.

14. All contracts, agreements, statements of work, or communications with such third parties relating to email marketing or recipient data.

**VI. Analytics, Performance, and Business Impact**

15. All documents sufficient to show Your marketing email performance, including open rates, click-through rates, conversion rates, bounce rates, unsubscribe rates, or geographic analytics.

16. All documents reflecting revenue, sales attribution, conversion analysis, efficiencies, or business benefits derived from marketing emails or urgency-based subject lines.

**VII. Knowledge and Internal Discussions**

17. All documents and communications sufficient to show the effectiveness, consumer perception, legality, or risks of urgency-based or scarcity-based marketing practices.

18. All documents reflecting Your knowledge of whether subject lines accurately reflected the true duration or availability of promotions.

**VIII. Plaintiff-Specific and Putative Class**



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

19. All documents relating to Plaintiff, including but not limited to Your communications with Plaintiff.

20. All documents identifying or referencing members of the putative Class.

21. All documents corresponding to or evidencing the emails identified in the Complaint and accompanying exhibits.

**IX. Investigations, Complaints, and Enforcement**

22. All documents relating to any internal or external investigation concerning deceptive marketing emails or subject lines.

23. All documents relating to consumer complaints, regulatory inquiries, or enforcement actions concerning email marketing or deceptive practices.

**X. Discovery Reliance Materials**

24. All documents referenced or relied upon in Your response to any Interrogatories, Requests for Admission, or defenses in this action.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, admitted *pro hac vice*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204

Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
Andrew K. Murray, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

***Attorneys for Plaintiff and the Proposed Class***

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, a copy of the foregoing document was served electronically via email on all counsel of record.

*/s/ Samuel J. Strauss*
*Counsel for Plaintiff*



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**EXHIBIT A**

In producing any documents or electronic records, the Responding Party shall comply with the following principles unless and until a formal ESI protocol has been negotiated and entered by the Court:

*Form for production of electronically stored information*: To the extent practicable, electronically stored information will be produced in a form or forms meeting the following conditions:

- Excel files, .csv files, Access files, PowerPoint files, audio or visual files, or other files that similarly convert poorly to image format will be produced in native format. The native file will be processed to image format with all color preserved, all content unhidden, and any notes displayed in the image. Such files will be produced in non-native image format only sparingly, when a file cannot be produced without redactions. The parties may confer about producing such documents in an alternate format if production in image format limits a file's usability.

- All other electronically stored information will be produced as black-and-white or color (to the extent color is needed for comprehension) multi-page Portable Document Format (PDF) image files.

- The full text of each produced image file will be extracted, excepting files produced with redactions which will be OCRed, and produced in a text file. Extracted text will be provided in searchable ASCII text format, or Unicode text format if the text is in a foreign language. Each text file (no matter whether OCRed or extracted) will be named with the Bates number of the first page of the corresponding image file (*e.g.*, G000001.txt).

- Extracted text will not be provided for image files produced with redactions, since the extracted text would reveal the information redacted. Instead, such files will be OCRed to capture the unredacted text, and the OCR results will be provided instead of original extracted text.

- Unique sequential Bates numbers (*e.g.*, G000001, G000002, etc.) and any designations for confidentiality treatment (*e.g.*, CONFIDENTIAL) will be applied to the face of each page of each produced image file, in consistent and easily legible font, and in a manner not obscuring any part of the underlying image. Confidentiality endorsements also will not obscure Bates labels, and vice versa.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

- Each produced image file will be given a unique file name matching the Bates label of the file's first page.

- When electronically stored information is produced in a non-image native format, each native file will be given a name containing a unique Bates number and any designations for confidentiality treatment (*e.g.*, G000001_CONFIDENTIAL). Each such native file will also be accompanied by a single-page PDF slipsheet file endorsed with text such as "Native Format File" (or the equivalent) and with the Bates number assigned to the corresponding native file and confidentiality designation (if any).

- No matter the format, productions of electronically stored information will be accompanied by Opticon and IPRO load files (or other generally acceptable load file format) containing all necessary information, including the following metadata fields to the extent they exist: Beg Bates, End Bates, Beg Attachment, End Attachment, Custodian/All Custodian, File Path, Email Subject, ThreadID, ParentID, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received, Filename, Author, Date Created, Date Modified, Hash Value, File Size, File Extension, Title, Page count, OCRpath, NativeLink, Attachment Range, Redacted (or the equivalents thereof).

- All electronically stored information will be processed for production using UTC identified as a fielded value in the production metadata load file.

- The content, legibility, and original formatting of all electronically stored information will be preserved.

- All parent-child relationships will be preserved (*e.g.*, all e-mail attachments will be produced with their parent e-mails, with Bates numbers sequential to the parent e-mails' Bates numbers).

- Each separate file will be produced as its own file. Separate files will not be merged together and produced as a single file. Multi-page files will not be split into and produced as multiple files.

*De-duplication*. A producing party may de-duplicate electronically stored information and is not obligated to extract or produce entirely duplicate electronically stored information. Removal of duplicate information will be done based on either (i) exact duplicate files based on MD5 hash



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

values across custodians or (ii) emails that contain the same content, sender and recipients as other messages despite not having matching MD5 hash values, such that they would be identified as "email duplicate spare messages" by the Relativity document review platform or an equivalent designation in an alternative document review platform. However, family relationships will be maintained and only exact email family groups, including email duplicate spare messages or equivalents, will be de-duplicated. No email attachment will be de-duplicated against a loose file. Global de-duplication across the entire collection may be employed, so as to eliminate duplicates to retain only one copy of each item of electronically stored information per case. For example, if an identical item resides with three custodians, only one custodian's copy need be included in the review set. The custodian field, however, will list each custodian, separated by a semicolon, who was a source of the underlying file or, alternatively, the producing party may utilize a separate "All Custodians" field which identifies all custodians of the subject file.

*Hyperlinks.* The Producing Party will determine whether hyperlinked documents and modern attachments exist and whether they may contain responsive and relevant information. If they do exist and are a possible source of relevant and responsive information, the Producing Party will make reasonable efforts to preserve the underlying documents for production. The parties will meet and confer in good faith regarding any technical burdens regarding hyperlinked documents.

*Information in structured databases.* To the extent discoverable electronically stored information is contained in any structured database, the parties will meet and confer in an attempt to agree upon an appropriate form of production and potential methods of generating a report in a reasonably usable and exportable electronic file format for review by the requesting party. This may involve the requesting party, upon review of any exported electronic files, making reasonable



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

requests for additional information to explain the database schema, codes, abbreviations, and different report formats, or to request specific data from identified fields. It may also involve the parties conferring about a set of queries to be made for discoverable information within a database.

*Converting and producing hardcopy documents in electronic form*. To the extent practicable, hardcopy documents will be produced in an electronic form or forms meeting the following conditions:

- Each document will be scanned and produced as an electronic record, consistent with the above, as a multi-page PDF file with text extracted or OCRed.

- The full text of each such PDF file, excepting files produced with redactions, will be extracted or OCRed and produced in a text file. Extracted text will be provided in searchable ASCII text format, or Unicode text format if the text is in a foreign language. Each extracted text file will be named with the Bates number of the first page of the corresponding image file (*e.g.*, G000001.txt).

- Extracted text will not be provided for documents produced with redactions, since the extracted text would reveal the information redacted. Instead, such files will be OCRed to capture the unredacted text, and the OCR results will be provided instead of original extracted text.

- Each separate document will be produced in its own text-searchable PDF file. Appendices, exhibits, attachments, enclosures, etc. may be included with parent documents in a single PDF file, but separate documents otherwise will not be merged together and produced as a single file. Multi-page documents also will not be split into and produced as multiple files, except as necessary if a document is so large that production within a single file is impractical.

- Unique sequential Bates numbers (*e.g.*, G000001, G000002, etc.) and any designations for confidentiality treatment (*e.g.*, CONFIDENTIAL) will be applied to the face of each page of each produced PDF file (or any other produced image files), in consistent and easily legible font, and in a manner not obscuring any part of the underlying image. Confidentiality endorsements also will not obscure Bates labels, and vice versa

- All parent-child relationships will be preserved (*e.g.*, all appendices, exhibits, attachments, enclosures, etc. will be produced with their parent documents, with Bates numbers sequential to the parent documents' Bates numbers).



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

- All hardcopy documents will be either (i) produced as they are kept in the usual course of business or (ii) organized and labeled to correspond to the categories in the requests above.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

## EXHIBIT B

The Responding Party shall provide a log of privileged or work product materials withheld from a production within 30 days of a production. The parties will meet and confer should a different timeline be necessary.

The obligation to provide a log of privileged or work product materials presumptively shall not apply to: (a) Attorney work product created by Outside Counsel for the Parties regarding this litigation created after the filing of the first complaint; (b) Internal communications within Outside Counsel for the Parties regarding this litigation created after the filing of the first complaint; (c) Communications between Outside Counsel and the party they represent regarding this litigation after the filing of the first complaint; and (d) Documents redacted for privilege as long as the reason for the redaction is apparent on the face of the remaining unredacted document. The parties agree to confer regarding other categories of information that may be excluded from logging requirements.

For documents and ESI that have been withheld as privileged, the withholding or redacting Party shall provide a privilege log of such documents and ESI, providing the following objective metadata to the extent it is reasonably available: date, author(s), custodian(s), recipient(s), file type, and subject (to the extent the subject does not reveal protected content). In addition, the withholding or redacting Party shall also provide for each document on their privilege log an identifier for the privilege being asserted (e.g., "ACP" for attorney client privilege, "WP" for work product, or other descriptions as necessary based on the specific privilege being claimed), the document's Bates numbers or other unique identifier, and a description of the nature of the privileged or protected material in such a way that will enable other parties to assess the claim.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No.: 2:26-cv-02162-LK<br><br>The Honorable Lauren King<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT THE PHILADELPHIA INQUIRER, LLC** |

Pursuant to Rules 26 and 33, Plaintiff Matthew Wildman ("Plaintiff"), by his undersigned attorneys, submits the following First Set of Interrogatories to Defendant The Philadelphia Inquirer, LLC ("Defendant").

**DEFINITIONS**

1. "All" means "any and all," and the word "any" means "any and all."

2. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written, or unwritten.

3. The "Class Period" begins on the date four (4) years prior to the filing of the Complaint and extends to the date a class certification order is entered in this case.

4. "Communicate" or "communications" means any oral, written, or electronic



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

transmission of information or intelligence of any nature including, but not limited to, meetings, discussions, conversations, and telephone calls, as well as documentation thereof, and telegrams, memoranda, letters, e-mails, telecopies, messages, or notes.

5. "Complaint" refers to the operative complaint in this action.

6. "Defendant," "You," and "Your" shall mean the entity to which these Interrogatories are directed, or any predecessor or successor companies in existence during the proposed Class Period, and all employees, agents, or other persons acting on Your behalf.

7. "Document" or "documents" shall mean all documents, electronically stored information, and tangible things including, without limitation, all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate document within the meaning of this term. Documents shall also include any removable sticky notes, flags, or other



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. Documents expressly include all electronic records.

8. “Electronic records” shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic records includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic record exists in an active file, deleted file, or file fragment. Electronic records includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. Electronic records also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

9. “Including” means including but not limited to.

10. “Person” or “persons” includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

11. "Plaintiff" or "Plaintiffs" shall mean the named Plaintiff or Plaintiffs in this lawsuit.

12. "Policy" shall mean any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

13. "Relating to," "related to," or "relates to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter within the meaning of the Federal Rules of Civil Procedure.

14. "Representatives" means Your employees, agents, representatives, or any other person acting on Your behalf.

**INSTRUCTIONS**

1. These Interrogatories are continuing and You must provide, by way of supplementary answers and responses, such additional information as You or any other person acting on Your behalf may hereafter obtain which will supplement or otherwise modify any responses hereto.

2. You are to answer each interrogatory by providing all responsive information. If You object to any interrogatory, specify the part to which you object, state Your objections, state all factual and legal justifications that You believe support Your objections, and respond to the remainder to which You do not object.

3. If You cannot respond fully and completely to any interrogatory or part thereof, then answer to the fullest extent possible and state the reason for Your inability to provide a full and complete answer.

4. To the extent that any information called for by any interrogatory is unknown to You, please state and set forth such information as is known to You. If any estimate can reasonably



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

be made in place of unknown information, set forth your best estimate, clearly designated as such, and describe the basis upon which the estimate is made.

5. Each interrogatory shall be construed to include information within Your knowledge, possession, or control as of the date You answer to these interrogatories, and any supplemental information, knowledge, data, documents, or communications responsive to these interrogatories that is generated, obtained or discovered after the date of Your answers.

6. If You withhold otherwise responsive information identified herein based on a claim the information is privileged, please provide a privilege log that includes: the nature of the material not disclosed; the date and time the material was created or sent; the identity of each author and recipient; the present location of the material; the number of pages, attachments, and exhibits; and all information on which You base your claim of privilege.

7. Whenever possible, verb tenses shall be interpreted to include past, present, and future tenses.

8. The use of the singular form of any word includes the plural and vice versa.

9. The masculine includes the feminine and neutral genders.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside their scope.

**INTERROGATORIES**

1. Identify the persons who control or regulate Your marketing efforts, including but not limited to emails and email campaigns.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

2. Describe the decision-making process that You use to determine what marketing emails You send and/or will send to consumers, including but not limited to the persons involved in all parts of the decision-making process.

3. Identify all agents, third parties, departments, vendors, or agencies that You hired to aid in the management or implementation of Your marketing processes.

4. Identify all individuals, agencies, services, software, technology, or companies who participated in or assisted with planning, sending, or drafting marketing emails sent to consumers.

5. Identify all methods that You use to compile email address lists for marketing email campaigns, including but not limited to identification of all outside agents, third parties, departments, vendors, or agencies from whom You receive consumer email address information. Your answer should include the location where consumer email addresses are stored.

6. Identify the total number of marketing emails sent by You during the Class Period.

7. Identify the total number of persons to whom You sent marketing emails during the Class Period.

8. Identify the total number of persons to whom You sent marketing emails during the Class Period that reside in Washington.

9. Describe the criteria used to determine who You would send marketing emails to.

10. Describe whether You or any agent or third party working on Your behalf used any tracking software or analytics software to track whether a consumer opened or read certain marketing emails, and, if so, identify what tracking software or analytics software was used.

11. Describe how You track open or read rates for marketing emails sent to consumers. Your answer should include the method by which you track open or read rates for emails as well as where this data is stored.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

12. Describe how any data collected on open or read rates for marketing emails sent to consumers influences the language used in Your marketing email subject headings for marketing emails.

13. Describe any corrective measures that You took after receiving the Complaint with respect to marketing emails.

Dated: July 22, 2026

Respectfully submitted,


/s/ Samuel J. Strauss
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, admitted *pro hac vice*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
Andrew K. Murray, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

***Attorneys for Plaintiff and the Proposed Class***



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, a copy of the foregoing document was served electronically via email on all counsel of record.

*/s/ Samuel J. Strauss*
*Counsel for Plaintiff*



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No.: 2:26-cv-02162-LK<br><br>The Honorable Lauren King<br><br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT THE PHILADELPHIA INQUIRER, LLC** |

Pursuant to Rules 26 and 36, Plaintiff Matthew Wildman ("Plaintiff"), by his undersigned attorneys, submits the following First Set of Requests for Admission to Defendant The Philadelphia Inquirer, LLC ("Defendant").

**DEFINITIONS**

1. "All" means "any and all," and the word "any" means "any and all."

2. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written, or unwritten.

3. The "Class Period" begins on the date four (4) years prior to the filing of the Complaint and extends to the date a class certification order is entered in this case.

4. "Communicate" or "communications" means any oral, written, or electronic



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

transmission of information or intelligence of any nature including, but not limited to, meetings, discussions, conversations, and telephone calls, as well as documentation thereof, and telegrams, memoranda, letters, e-mails, telecopies, messages, or notes.

5. "Complaint" refers to the operative complaint in this action.

6. "Defendant," "You," and "Your" shall mean the entity to which these Requests are directed, or any predecessor or successor companies in existence during the proposed Class Period, and all employees, agents, or other persons acting on Your behalf.

7. "Document" or "documents" shall mean all documents, electronically stored information, and tangible things including, without limitation, all written and graphic matter and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including, but not limited to: originals, drafts, computer-sorted and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, books, records, checks, vouchers, invoices, purchase orders, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, sketches, diagrams, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters, photographs, emails, electronic or mechanical records, facsimiles, telegrams and telecopies, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate document within the meaning of this term. Documents shall also include any removable sticky notes, flags, or other



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. Documents expressly include all electronic records.

8. “Electronic records” shall mean the original (or identical duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic records includes, by way of example and not by limitation, computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said electronic record exists in an active file, deleted file, or file fragment. Electronic records includes without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for digital data storage or transmittal. Electronic records also includes the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

9. “Including” means including but not limited to.

10. “Person” or “persons” includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

11. "Plaintiff" or "Plaintiffs" shall mean the named Plaintiff or Plaintiffs in this lawsuit.

12. "Policy" shall mean any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

13. "Relating to," "related to," or "relates to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing, evidencing, or in any other way being relevant to that given subject matter within the meaning of the Federal Rules of Civil Procedure.

14. "Representatives" means Your employees, agents, representatives, or any other person acting on Your behalf.

## REQUESTS FOR ADMISSION

1. Admit that You transmitted commercial email messages to consumers during the Class Period. For the purposes of this request, "commercial email messages" has the same meaning as defined in CEMA.

2. Admit that You transmitted commercial email messages to Washington residents during the Class Period.

3. Admit that the subject lines of Your marketing emails were intended to induce recipients to open the marketing emails.

4. Admit that the subject lines of Your marketing emails were intended to induce recipients to read the marketing emails.

5. Admit that Your selection of language in email subject headings was intended to increase open and read rates.

6. Admit that the subject heading of "[] Happy Labor Day! Sale ends today!" did not accurately reflect the September 4, 2023, sale.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

7. Admit that the subject heading of "[] ENDING: 25¢/MONTH for 6 MONTHS []" did not accurately reflect the September 19, 2023, sale.

8. Admit that the subject heading of "[] FLASH SALE: $1/WEEK for 1 YEAR []" did not accurately reflect the January 23, 2024, sale.

9. Admit that the subject heading of "[] $1/WEEK for 1 YEAR ends today! []" did not accurately reflect the January 24, 2024, sale.

10. Admit that the subject heading of "[] 25¢ A MONTH for 6 MONTHS [] FLASH SALE" did not accurately reflect the February 20, 2024, sale.

11. Admit that the subject heading of "[] [24 HOURS LEFT] 25¢ a month for 6 months []" did not accurately reflect the February 21, 2024, sale.

12. Admit that the subject heading of "[] ENDING NOW: $1 for 6 months []" did not accurately reflect the March 12, 2024, sale.

13. Admit that the subject heading of "[] TODAY ONLY: $1 FOR 6 MONTHS" did not accurately reflect the July 16, 2024, sale.

14. Admit that the subject heading of "Last Chance: 99% OFF 6 MONTHS" did not accurately reflect the July 10, 2025, sale.

15. Admit that You purchased, rented, or paid for lists of emails of consumers from third parties.

16. Admit that You were responsible for composing, supervising, or approving the content and subject headings of marketing emails sent to consumers.

17. Admit that You were responsible for composing, supervising, or approving the content and subject headings of the emails in Exhibit A of the Complaint.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

18. Admit that marketing email subject headings sent by You or on Your behalf were deceptive.

19. Admit that marketing emails sent by You or on Your behalf included misleading information in the body of the email message.

20. Admit that You had no internal policies or protocols to prevent the dissemination of marketing emails with misleading subject headings.

21. Admit that Your marketing emails promoted the sale of the goods and/or services that You sell.

22. Admit that You exercised control over any entities, agents, or vendors transmitting marketing emails to Washington state residents.

23. Admit that You sent marketing emails to consumers with whom You have no prior relationship.

24. Admit that You sent marketing emails to multiple persons with the identical subject heading and email message.

25. Admit that You know the geographic location of the persons to whom You send marketing emails.

Dated: July 22, 2026

Respectfully submitted,

*/s/ Samuel J. Strauss*

Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, admitted *pro hac vice*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com

raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
Andrew K. Murray, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

***Attorneys for Plaintiff and the Proposed Class***



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2026, a copy of the foregoing document was served electronically via email on all counsel of record.

*/s/ Samuel J. Strauss*
*Counsel for Plaintiff*



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW WILDMAN, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE PHILADELPHIA INQUIRER, LLC,<br><br>Defendant. | Case No.: 2:26-cv-02162-LK<br><br>The Honorable Lauren King<br><br>**PLAINTIFF'S 30(b)(6) NOTICE OF DEPOSITION OF DEFENDANT THE PHILADELPHIA INQUIRER, LLC** |

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff gives notice of his intention to take the oral deposition of one or more corporate representatives of Defendant The Philadelphia Inquirer, LLC ("Defendant" or "You") regarding the Topics set forth in the attached ***Exhibit A***. The deposition will take place via Zoom on ________________________. The deposition will be recorded stenographically and will continue day to day until completed.

Plaintiff hereby notifies Defendant that examination is requested on the matters set forth in ***Exhibit A***. Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf, and to set forth, for each person designated, the matters on which the person will testify. The persons so designated shall testify as to matters known or reasonably available to the organization.

Dated: July 22, 2026



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

Respectfully submitted,

_/s/ Samuel J. Strauss_
Samuel J. Strauss, WSBA #46971
Raina C. Borrelli, admitted *pro hac vice*
STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel.: (872) 263-1100
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops, admitted *pro hac vice*
Natalie A. Lyons, admitted *pro hac vice*
Ian R. Bensberg, admitted *pro hac vice*
COHENMALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Tel.: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV, admitted *pro hac vice*
Michael C. Tackeff, admitted *pro hac vice*
Andrew K. Murray, admitted *pro hac vice*
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel.: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

***Attorneys for Plaintiff and the Proposed Class***

CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, I electronically served the foregoing on all counsel of record in this action via email.

By: *<u>/s/ Samuel J. Strauss</u>*
*Counsel for Plaintiff*



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**EXHIBIT A**

**DEFINITIONS**

1. "Agreement" means any contract, arrangement, or understanding between two or more persons or entities, whether formal or informal, written, or unwritten.

2. The "Class Period" begins on the date four (4) years prior to the filing of the Complaint and extends to the date a class certification order is entered in this case.

3. "Complaint" refers to the operative complaint in this action.

4. "Communicate" or "communications" means any oral, written, or electronic transmission of information or intelligence of any nature including, but not limited to, meetings, discussions, conversations, and telephone calls, as well as documentation thereof, and telegrams, memoranda, letters, e-mails, telecopies, messages, or notes.

5. "Defendant," "You," and "Your" shall mean the entity to which this Notice is directed, or any predecessor or successor companies in existence during the proposed Class Period, and all employees, agents, or other persons acting on Your behalf.

6. "Including" means including but not limited to.

7. "Person" or "persons" includes any natural person, firm, association, organization, partnership, business, trust, corporation, governmental or public entity or any other form of legal entity.

8. "Plaintiff" or "Plaintiffs" shall mean the named Plaintiff or Plaintiffs in this lawsuit.

9. "Policy" shall mean any rule, procedure, practice, or course of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

10. "Relating to," "related to," or "relates to" means constituting, containing, concerning, embodying, reflecting, identifying, stating, mentioning, discussing, describing,



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

evidencing, or in any other way being relevant to that given subject matter within the meaning of the Federal Rules of Civil Procedure.

**TOPICS**

**A. Governance / Control / Compliance**

1. Corporate structure and oversight of marketing email programs during the Class Period, including who had responsibility for email marketing strategy, content approval, compliance review, and final authorization of subject lines and sends.

2. Policies, procedures, guidelines, and training governing email marketing practices during the Class Period, including policies regarding marketing email subject lines, promotional representations and emails, compliance with CEMA, and compliance review processes.

3. Compliance efforts related to email marketing, including any legal/compliance review procedures, audits, internal controls, escalation processes, and monitoring for compliance with Washington's CEMA and similar laws.

**B. Decision-Making / Approval Process**

4. The process for planning, drafting, approving, and sending marketing emails, including how subject lines are proposed, reviewed, revised, approved, and finalized.

5. The criteria and decision-making process used to determine what categories of marketing emails would be sent, to whom they would be sent, and when they would be sent during the Class Period.

6. The roles and responsibilities of employees and departments involved in drafting email content and subject lines, including marketing, merchandising, brand management, legal, compliance, and IT.

**C. Third Parties / Vendors / Delegation**

7. The identity and role of any vendors, agencies, third parties, contractors, platforms, or service providers involved in drafting, planning, designing, sending, or testing marketing emails during the Class Period.

8. The contracts, statements of work, and/or vendor agreements governing third-party involvement in email marketing during the Class Period, including allocation of responsibilities for marketing email subject line creation, compliance, approvals, and testing.

9. The process by which You supervised, controlled, reviewed, or audited third parties who participated in email marketing, including controls for subject line practices.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

**D. Email List Compilation / Data Collection**

10. The methods You used during the Class Period to collect, compile, purchase, rent, or otherwise obtain consumer email addresses, including sources and acquisition channels (online purchases, account creation, in-store, contests, etc.).

11. The process You used to verify consent, capture opt-ins, or document authorization for marketing emails, including how opt-in records are stored and tracked.

12. Any use of third parties to collect consumer email addresses or data for marketing purposes during the Class Period, including the identity of those third parties and the governing agreements.

13. Your storage, management, and retention of consumer email address lists and related records, including where the data is stored (systems/platforms), access controls, and retention schedules.

**E. Volume / Scope / Washington-Class**

14. The total number of marketing emails You sent during the Class Period, including how total sends are counted and which systems contain that information.

15. The total number of unique recipients to whom marketing emails were sent during the Class Period, including how that figure is calculated.

16. The total number of unique recipients located in Washington who received Your marketing emails during the Class Period, including how geographic identification is determined (billing address, shipping address, IP, customer profile, etc.).

17. The criteria used to determine which consumers received marketing emails, including segmentation rules, suppression lists, engagement criteria, purchase history filters, and any automated triggers.

**F. Tracking / Metrics / Effectiveness**

18. The identity and operation of any email marketing platforms, CRM systems, tracking software, analytics tools, or reporting dashboards used by You to send or measure marketing emails during the Class Period.

19. The methods You used to track opens, reads, clicks, conversions, bounces, and unsubscribes, and where that data is stored and retained.

20. The process that You used to analyze performance metrics, including who reviews metrics, how results impact future campaigns, and how results affect subject line language and strategy.

**G. Subject Line Development / Misleadingness**



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com

21. The purpose and strategy behind subject line development for marketing emails, including how subject lines are designed to influence consumer behavior (opens, clicks, urgency, exclusivity, etc.).

22. The factors and criteria used to decide the language used in subject lines, including any use of urgency cues ("last chance"), exclusivity cues ("just for you"), personalization, discount framing, or "bait-and-switch" concepts.

23. Any use during the Class Period of A/B testing, multivariate testing, or experimentation regarding subject lines, including what was tested, who approved tests, and where the results are stored.

24. Any internal or external research, surveys, experimentation, consumer feedback, or analytics regarding the effectiveness of subject lines in driving opens and clicks.

25. Any procedures that You used to ensure subject lines accurately reflect the content of the email, including review steps and criteria for determining whether a subject line may be misleading.

**H. The Specific Emails / Plaintiff / Class Experience**

26. The drafting, approval, and sending of the specific marketing emails sent to Plaintiff during the Class Period, including the origin and approval of the subject lines and content for those emails.

27. Your communications and interactions with Plaintiff during the Class Period, including marketing communications, unsubscribe requests, customer service contacts, account records, and suppression list activity.

**I. Complaint, Litigation, and Remediation**

28. Any actions taken after learning of the allegations in this lawsuit, including corrective measures, changes to policies, review procedures, vendor relationships, subject line approval processes, or compliance practices.

29. The location, custodians, and systems where documents and electronically stored information relating to marketing emails, campaign logs, templates, subject line testing, segmentation criteria, and performance metrics are maintained.

30. Your responses to all sets of Plaintiff's Interrogatories and Requests for Admission to date.

31. The factual bases for Your affirmative defenses and denials in this action, including the facts and documents supporting each affirmative defense and each denial of factual allegations.



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.263.1109
straussborrelli.com